## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal Case No. 22-11-2 (RJL)** |
| | ) | |
| **DION RAJEWSKI,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM ORDER
December 30 , 2024 [Dkt. # 232]

Defendant Dion Rajewski ("defendant" or "Rajewski") is charged with multiple crimes in connection with the January 6 Capitol riot. *See* Second Superseding Indictment [Dkt. #54].  Three of the counts against him include a penalty enhancement for using or carrying a deadly or dangerous weapon—here, a canister of pepper spray. *See id.* at Counts 5, 10, 12.[1]  While the Government initially asserted that Rajewski helped pass around a canister used to spray police officers, it later corrected that allegation: The canister Rajewski passed around was carried away from the front line of officers *without* being discharged. *See* Gov't's Notice of Errata [Dkt. #231].  Rajewski then moved to dismiss the three "deadly or dangerous weapon" counts under Federal Rule of Criminal Procedure

---

[1] The penalty enhancement here, 18 U.S.C. § 1752(b)(1)(A), covers a "person [who], during and in relation to the offense, uses or carries a deadly or dangerous weapon or firearm." *United States v. Robertson* sets out the test for carrying a dangerous or deadly weapon under this provision: whether "(1) [the object] is capable of causing serious bodily injury, and (2) the defendant carried it with the intent to use it in a manner capable of causing serious injury.  The defendant need not have actually used [it] in that manner."  610 F. Supp. 3d 229, 237 (D.D.C. 2022); *see also United States v. Easterday*, 2024 U.S. Dist. LEXIS 63454, at *9–10 (D.D.C. Apr. 8, 2024).

12(b) for failure to state an offense. *See* Def.'s Mot. to Dismiss ("Def.'s Mot.") [Dkt. #232]. For the reasons set forth below, I will **DENY** the motion.

An indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." *See* Fed. R. Crim. P. 7(c)(1). Under Rule 12(b), the Court's analysis "is limited to reviewing the face of the indictment" and "assumes the truth of the indictment's factual allegations." *United State v. Sandlin*, 575 F. Supp. 3d 16, 21 (D.D.C. 2021) (internal quotation marks omitted). The key question "is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *Id.* (quoting *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011)).

Here, the indictment plainly alleges that Rajewski "did use and carry a deadly and dangerous weapon, that is, a lachrymal agent, to wit OC/pepper spray." *See* Second Superseding Indictment at Counts 5, 10, 12. The parties agrees that pepper spray can be a dangerous weapon. Def.'s Mot. 12; United States' Response in Opp'n to Def.'s Mot. ("Gov't Opp'n") [Dkt. #234] 1. Rajewski, however, argues that the *specific* canister at issue was not a dangerous weapon because it was empty or inoperable. Def.'s Mot. 2. Although the Government acknowledges that the evidence does not show the canister being discharged, *see* Notice of Errata, they do not concede that the canister was empty or inoperable and they maintain that even an empty canister could be used in a manner capable of causing bodily injury, *see* Gov't's Opp'n 12, 15 (arguing that even if the canister was empty, Rajewski could be convicted under an attempt theory or because the empty metal canister could be used as a bludgeon or projectile).

At this early stage—a motion to dismiss under Rule 12(b)—the Court cannot resolve factual issues about whether the canister was empty or full, operable or inoperable.[2] Instead, the Court looks at the "the face of the indictment," which here alleges that Rajewski used or carried a pepper spray canister, an object Rajewski concedes can be a dangerous weapon. *See Sandlin*, 575 F. Supp. 3d at 21. That is enough for the indictment to pass muster and the remaining factual questions[3] are left for trial. *See id.*; *United States v. Ballestas*, 795 F.3d 138, 148–49 (D.C. Cir. 2015) (explaining that pretrial dismissal of an indictment "directly encroaches upon the fundamental role of the grand jury, [so] dismissal is granted only in unusual circumstances" (internal quotation marks omitted)).

Rajewski also argues that evidence of a different pepper spray canister—one which *was* used to spray police officers—was improperly presented to the grand jury. Def.'s Mot. 1–2. However, "[a]n indictment valid on its face may not be challenged on the ground that the grand jury acted on the basis of inadequate, unreliable or incompetent evidence." *United States v. Borda*, 905 F. Supp. 2d 201, 204 (D.D.C. 2012) (citing *Bank of Nova*

---

[2] Rajewski cites a Middle District of Pennsylvania case for the proposition that "[a] motion to dismiss under Rule 12(b) can be maintained based on claim [sic] that there was no evidence from which grand jury [sic] could have indicted defendant . . . because the issuance of an indictment based on grand jury decision [sic] made without an evidentiary basis is a defect in the indictment." Def.'s Mot. 9 (citing *United States v. Wolff*, 840 F. Supp. 322, 323 (M.D. Pa. 1993)). That case is inapposite. *Wolff* recognized that "the circumstances of the case are unusual" and "[t]he facts of the case have been made clear on the record, in a manner similar to a statement of undisputed material facts in a motion for summary judgment." 840 F. Supp. at 323–24. That is not the case here. Rajewski's arguments rely on many disputed facts, as discussed herein, and there is no reason to treat this motion to dismiss as one for summary judgment.

[3] Rajewski's brief raises multiple contested factual issues. For example, Rajewski argues that he: "touched an object he could not even identify as a [pepper spray canister] for approximately seven seconds after it was held over his head by the person behind him"; he "looked at the canister for approximately two seconds"; his "possession of the [canister] was orchestrated by the man behind him"; and his "conduct was motivated by blind ignorance, not knowledge." *See* Def.'s Mot. 16. The Government disputes these assertions. *See* Gov't's Opp'n 13.

*Scotia v. United States*, 487 U.S. 250, 261 (1988)). Grand jury proceedings are "accorded a presumption of regularity, which generally may be dispelled only upon a particularized proof of irregularities in the grand jury process." *Id.* (quoting *United States v. Mechanik*, 475 U.S. 66, 75 (1986)). Rajewski has not pointed to any "particularized proof of irregularities." *See id.* Unsupported conjecture that the grand jury may have considered a potentially empty pepper spray canister is not sufficient to overcome the presumption of regularity here.

Accordingly, it is hereby

**ORDERED** that Rajewski's Motion to Dismiss [Dkt. #232] is **DENIED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge